**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON**

**UNITED STATES OF AMERICA**

**v.** **CRIMINAL NO. 2:26-cr-00097**

**DAVID ELLIOTT PRITT**

**RESPONSE OF THE UNITED STATES OF AMERICA**
**TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND**
**REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on August 24, 2026, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A: Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]**

**Response:** Defendant did not provide any statement to law enforcement.

**Request B: Disclose to defendant and make available for inspection, copying or photographing, all of the following:**

**(i) Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--**

**or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]**

**Response:** See response to Request A. See also two documents and Snapchat messages written by defendant (PRITT-PROTECTED-0027-0033, PRITT-PROTECTED-0125).

**(ii) The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]**

**Response:** See response to Request A.

**(iii) The defendant's recorded testimony before a grand jury relating to the charged offense. [Fed. R. Crim. P. 16(a)(1)(B)(iii)]**

**Response:** Defendant did not testify before the grand jury.

**Request C: Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent. [Fed. R. Crim. P. 16(a)(1)(C)]**

**Response:** Not applicable.

**Request D: Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or**

**through due diligence could know--that the record exists. [Fed. R. Crim. P. 16(a)(1)(D)]**

**Response:** The United States is not aware of any criminal history for defendant.

**Request E: Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]**

**Response:** The United States disclosures are detailed is a Bates Index provided separately to counsel. This discovery generally includes:

a. Non-Protected Discovery (PRITT-0001-0186);

b. Protected Discovery (PRITT-PROTECTED-00001-0125, twenty (20) audio/video files produced in native format);

c. Law enforcement is also in possession of numerous physical items of evidence (photographs of which are disclosed as part of the Bates-labeled discovery). Counsel can arrange to review any physical items at a mutually convenient time and place by contacting Assistant United States Attorney Jennifer Herrald.

**Request F: Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]**

**Response:** Law enforcement is in possession of various digital devices and media connected to the case. A report summarizing the results of any forensic analysis of these devices will be disclosed upon receipt.

**Request G: For any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief, or during rebuttal to counter testimony that the defendant has timely disclosed under reciprocal discovery, give to the defendant, in writing, the following information:**

**(i) a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under reciprocal discovery;**

**(ii) the bases and reasons for them;**

**(iii) the witness's qualifications, including a list of all publications authored in the previous 10 years; and**

**(iv) a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.**

**If the government requests discovery under the second bullet point in Federal Rules of Criminal Procedure 16(b)(1)(C)(i) and the defendant complies, the government must, at the defendant's request, disclose to the defendant, in writing, the information listed above in (i) through (iv) for testimony that the government intends to use at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence on the issue of the defendant's mental condition.**

**The witness must approve and sign the disclosure, unless the government states in the disclosure why it could not obtain the witness's signature through reasonable efforts, or the government has previously provided a report, signed by the witness that contains all the opinions and the bases and reasons for them.**

**[Fed. R. Crim. P. 16(a)(1)(G)]**

**Response:** The United States reserves the right to supplement its response to this Request.

**Request H: Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response:** The United States is not aware of any such evidence aside from what may be provided herein.

**Request I: Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response:** The United States intends to introduce testimony from minors and other individuals regarding "grooming" conduct by defendant pursuant to Rule 404(b). Such testimony would include descriptions of defendant: paying extra attention to particular students; allowing particular students to eat lunch in his classroom; ordering/purchasing lunch for particular students to eat with him in his classroom; allowing particular students to violate school rules (such as rules regarding cell phone use); communicating with students on social media platforms (such as Roblox, Snapchat, TikTok, or Instagram); touching particular students on the shoulders, backs, or knees or hugging particular students; spending time with small groups of students in his classroom for non-academic purposes; engaging in highly personal conversations with students during which he told them details about his marital relationship and mental health; and asking students whether they thought he was "creepy" or "perverted." Such evidence is permissible under Rule 404(b) to show, among other purposes, defendant's intent, motive, and modus operandi to entice and persuade minors and to take various steps to reduce the inhibitions of minors to make them feel comfortable with otherwise inappropriate conversations and physical contact between students and teachers. Recorded statements from minors and other individuals regarding these topics have been provided as Protected Discovery.

**Request J: Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.**

**Response:** None.

**Request K: Disclose to defendant any matter as to which the government will seek judicial notice.**

**Response:** The United States intends to seek judicial notice that Fayette County, West Virginia, is within the Southern District of West Virginia.

**Request L: Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial. For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.**

**Response:** Not applicable.

**Request M: Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.**

**Response:** The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal

case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

MOORE CAPITO
United States Attorney

By:
/s/ Jennifer Rada Herrald
Jennifer Rada Herrald
Assistant United States Attorney
WV Bar No. 12181
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: jennifer.herrald@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 4th day of September , 2026 to:

Wesley P. Page
Federal Public Defender
300 Virginia St. E., Rm. 3400
Charleston, WV 25301
Wesley_page@fd.org

/s/ Jennifer Rada Herrald
Jennifer Rada Herrald
Assistant United States Attorney
WV Bar No. 12181
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email:jennifer.herrald@usdoj.gov