**_United States Department of Justice_**

_United States Attorney_
_Southern District of West Virginia_

_Robert C. Byrd United States Courthouse_
_300 Virginia Street, East_
_Suite 4000_
_Charleston, WV 25301_

_1-800-659-8726_
_304-345-2200_
_FAX: 304-347-5104_

FILED
NOV 10 2026
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

October 30, 2026

Wesley P. Page
Federal Public Defender
300 Virginia St. E., Rm. 3400
Charleston, WV 25301

Re: United States v. David Elliott Pritt
Criminal No. 2:26-cr-00097 (USDC SDWV)

Dear Mr. Page:

This will confirm our conversations with regard to your client, David Elliott Pritt (hereinafter "Mr. Pritt"). As a result of these conversations, it is agreed by and between the United States and Mr. Pritt as follows:

1. **PENDING CHARGES.** Mr. Pritt is charged in a three-count indictment as follows:

(a) Count One charges Mr. Pritt with a violation of 18 U.S.C. § 2251 (attempted production of child pornography);

(b) Count Two charges Mr. Pritt with a violation of 18 U.S.C. § 2422(b) (attempted enticement of a minor); and

(c) Count Three charges Mr. Pritt with a violation of 18 U.S.C. § 1512(b)(3) (attempted witness tampering).

2. **RESOLUTION OF CHARGES.** Mr. Pritt will plead guilty to Count One of said indictment, which charges him with a violation of 18 U.S.C. § 2251. Following final disposition, the United States will move the Court to dismiss Counts Two and Three in Criminal No. 2:26-cr-00097 as to Mr. Pritt.

Defendant's Initials

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Pritt will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of 15 to 30 years;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of five years to life;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A, and 3664, or as otherwise set forth in this plea agreement.

4. **SPECIAL ASSESSMENT.** Mr. Pritt has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Pritt agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5. **RESTITUTION.** Notwithstanding the offense of conviction, Mr. Pritt understands that the Court shall order restitution to victims in this case for the full amount of the victim's losses, if any. Mr. Pritt agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Pritt further agrees as follows:

(a) Mr. Pritt agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and

DEP
Defendant's Initials

testimony concerning assets upon request of the United States.

(b) Mr. Pritt will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Mr. Pritt agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d) Mr. Pritt agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Mr. Pritt agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds the amount of $10,000 per victim. However, nothing in this provision is intended to preclude the Court from ordering Mr. Pritt to pay a greater or lesser sum of restitution in accordance with law.

6. **ABANDONMENT OF PROPERTY.** Mr. Pritt hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in a Samsung Galaxy S26 Ultra cellphone, IMSI 310280230311648, and a Microsoft Surface Pro laptop, which were both seized from him or his residence during a search on July 22,

Defendant's Initials

2026. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

7. **PAYMENT OF MONETARY PENALTIES.** Mr. Pritt authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Pritt agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Pritt further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Pritt authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Pritt shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Pritt agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP

DEP

Defendant's
Initials

immediately of his representation.

8. **COOPERATION.** Mr. Pritt will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Pritt may have counsel present except when appearing before a grand jury.

9. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Pritt, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Pritt for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Pritt for perjury or false statement if such a situation should occur pursuant to this agreement.

11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Pritt stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Pritt agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the

DEP
Defendant's
Initials

indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Pritt or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Pritt knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Pritt understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Pritt knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence imposed by the District Court, including any term of imprisonment, fine, term or condition of supervised release, term or condition of probation, or special assessment, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Pritt also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction (18 U.S.C. § 2251) is unconstitutional, and (2) Mr. Pritt's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 18 U.S.C. § 2251.

The United States also agrees to waive its right to appeal any sentence imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United

DEP
Defendant's
Initials

States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Pritt also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Pritt knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14. **SEX OFFENDER REGISTRATION REQUIREMENT.** Mr. Pritt understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Pritt understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Pritt further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Pritt understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

DEP
Defendant's
Initials

15. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Pritt;

(f) Advise the Court concerning the nature and extent of Mr. Pritt's cooperation; and

(g) Address the Court regarding the issue of Mr. Pritt's acceptance of responsibility.

16. **VOIDING OF AGREEMENT.** If either the United States or Mr. Pritt violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

17. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Pritt in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Pritt in any Court other than the United States District Court for the Southern District of West Virginia.

DEP
Defendant's
Initials

Acknowledged and agreed to on behalf of the United States:

MOORE CAPITO
United States Attorney

By: [signature]
Jennifer Rada Herrald
Assistant United States Attorney

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 9-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

[signature] 11/2/2026
David Elliott Pritt — Date Signed
Defendant

[signature] 11/2/26
Wesley P. Page — Date Signed
Counsel for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON**

**UNITED STATES OF AMERICA**

**v.** **CRIMINAL NO. 2:26-cr-00097**

**DAVID ELLIOTT PRITT**

**STIPULATION OF FACTS**

The United States and DAVID ELLIOTT PRITT (hereinafter "I," "me," and "my") stipulate and agree that the facts comprising the offense of conviction (Count One in the indictment) include the following:[1]

**DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA**

Beginning in approximately June 2025 and lasting through at least January 2026, from at or near my residence in Fayette County, West Virginia, and elsewhere, I communicated with a minor, Minor 1, who I knew to be approximately 14 years old, using the Snapchat app, which is an app that operates via cellular networks and the internet. During these conversations, I told Minor 1 that I loved her. I also sent Minor 1 sexually explicit images of my genitals and told her I was sexually attracted to her. During these conversations, I sought to persuade, induce, and entice Minor 1 to take and send sexually explicit images of herself, including nude photographs of her pubic area, and asked her to send them to me over the Snapchat app. I knew that such images would be transmitted over the Snapchat app.

---

[1] This Stipulation of Facts and Factual Basis for Guilty Plea does not contain each and every fact known to DAVID ELLIOTT PRITT and to the United States concerning his involvement and the involvement of others in the charges set forth in the indictment.

Stipulated and agreed to:

| | |
|---|---|
| DAVID ELLIOTT PRITT<br>Defendant | 11/2/2026<br>Date |
| WESLEY P. PAGE<br>Counsel for Defendant | 11/2/26<br>Date |
| JENNIFER RADA HERRALD<br>Assistant United States Attorney | 11-3-26<br>Date |